CASE 70—PETITION EQUITY—DECEMBER 4.

## Noland v. Chambers.

### APPEAL FROM MADISON CIRCUIT COURT.

To CREATE A SEPARATE ESTATE in a married woman, there must appear
from the language used a plain purpose to divest the husband of his
marital rights.

A testator, by a devise to one daughter, limited her right to dispose
of the estate devised, and by a devise to another daughter, gave her
the right "to make whatever disposition of it she may think proper."
*Held*—That the latter devise did not create a separate estate, the man-
ifest intent of the testator being simply to show that it was intended
to be absolute as distinguished from the qualified devise to the other
daughter.

C. F. & A. R. BURNAM FOR APPELLANT.

The devise to Mrs. Chambers did not create a separate estate. While
no technical words are necessary to create such an estate, the intention
to do so must be clearly indicated. There must be a sufficient expres-
sion of an intention to exclude the marital rights of the husband.
(Rev. Stats., chap. 96, secs. 2 and 4; 1 Maddock's Ch'y Rep., 4 Am.
ed., 471-2; Barrett v. Barrett, 1 Desaus., 447; Story's Eq., sec. 1383, 2
ed.; Lamb v. Milnes, 5 Vesey, 520; 5 Vesey, 545; Cooper's S. C. Eq.
R., 283; 1 Madd. Rep., 199; Harris' Adm'r v. Harbeson, 9 Bush, 399;
14 B. Mon., 198; Bowen v. Sebree, 2 Bush, 112; 6 Bush, 149; 14 B.
M., 143; Wilkinson v. Wright, 6 B. Mon., 576; Osgood v. Braedy, 12

Noland v. Chambers.

Mass., 525; Vanwinkle v. Schoonmaker, 15 N. J. Eq., 384; West v. West, 8 Rand., 373; Lancaster v. Dolan, 1 Rawle, 231; Thomas v. Totwell, 2 Wharton, 11; Short v. Battle, 52 Ala., 456; Buck v. Wroten, 24 Grattan, 250; Quigley v. Graham, 18 Ohio St., 42.)

PARRISH & CROOKE FOR APPELLEE.

Brief not in record.

CHIEF JUSTICE PRYOR DELIVERED THE OPINION OF THE COURT.

The subject-matter of this controversy is the construction of the last will of John Noland, by which he made various devises to his children, and among them was his daughter, Eleanor Chambers, and the question is, whether the devise to Eleanor was a general or separate estate. She died without children, devising the property willed to her to some of her next of kin, excluding others, and those claiming as her heirs at law maintain that she, being a married woman when the will was executed, it passed no title to the devisees.

Her father, John Noland, by his will, directed his land to be sold, as well as other property, and the proceeds divided between his children. In regard to Eleanor, he says: "It is my will that my daughter Eleanor's portion be paid to her to make whatever disposition of it she may think proper." As to his daughter Temperance, he provides in the next clause of the will as follows: "It is my will that my daughter Temperance's portion be paid over to the guardian of her children (naming them) for their special benefit."

These are the only provisions of the will from which the intention of the testator is to be ascertained as to the manner of holding by his two daughters. We think it manifest that the only purpose of the testator in

making the devise as we find it to his daughter Eleanor, was to show that he had given to her an absolute estate as distinguished from the devise he was proceeding to make of that portion to which Temperance would have been entitled if the same language had been used.

The separate estate of a married woman is that alone of which she has exclusive control, independent of her husband, and the proceeds of which she may dispose of as she pleases; or, as said by this court in the case of Shackleford v. Collier, 6 Bush, 149, it is such estate of a married woman as has been vested in her, for her separate use, to the exclusion of her husband's marital rights therein; and while no particular form of words is necessary to create the estate, it must appear that the intention was to pass the title to the *feme covert* for her own benefit to the exclusion of her husband. There are no words of exclusion in the will of John Noland, and the language "to dispose of as she pleases," but vested her with an absolute title that in no manner excluded the husband from his marital rights, either during coverture or as her survivor. In some of the older authorities the words *to be at her disposal* have been held to create a separate estate, but this will be found in the construction of wills or instruments where the meaning given the words is aided by other provisions of the writing showing the testator's intent; but whether so or not, under the decisions of this court, there must appear from the language used a plain purpose to divest the husband of his marital rights, and to construe a will, as in this case, where the testator is vesting an absolute title in the one daughter, and limiting the right in the other, as excluding the

husband from all interest in the one having the absolute estate, is not sustained by the adjudicated cases.

Judgment reversed, and cause remanded for proceedings consistent with this opinion.